UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 3:23-cv-00137

CAESAR DEPAÇO,

        Plaintiff,

v.

TRUST IN NEWS UNIPESSOAL
LDA., MIGUEL CARVALHO,
MAFALDA ANJOS

        Defendants
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

The Plaintiff, Caesar DePaço ("Plaintiff" or "DePaço"), by and through his undersigned attorneys, The Ticktin Law Group, and Habba Madaio & Associates LLP, says by way of Complaint against the Defendants, Trust In News Unipessoal LDA., Miguel Carvalho, and Mafalda Anjos ("Defendants"), as follows:

**Nature of the action**

1.  This is an action by DePaço for compensatory damages, consequential damages, presumed damages, and legal fees associated with the Defendants' defamatory attacks and allegations against the Plaintiff's reputation and image by disseminating untruths against him in the international media.

**Parties**

1.  The Plaintiff is an individual and at all times relevant to this action, was and is a resident of Flagler County, Florida. He is *sui juris*. He is a citizen of Florida.

2.  The Defendant, Trust In News Unipessoal LDA ("Trust In News"), is a foreign corporate entity with its principal place of business in Portugal. It is a citizen of Portugal.

1

3. The Defendant, Miguel Carvalho, is a citizen of Portugal and, upon information and belief, a director, employee and/or agent of Trust In News.

4. The Defendant Mafalda Anjos is a citizen of Portugal and, upon information and belief, a director, employee and/or agent of Trust In News.

## Subject Matter Jurisdiction

5. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of fees and costs. There is complete diversity of citizenship between the parties.

## Personal Jurisdiction And Venue

6. The Defendants are subject to this Court's specific personal jurisdiction pursuant to Due Process and the Florida Long Arm Statute, § 48.193.

7. On information and belief, this Court has personal jurisdiction over the Defendants because the Defendants committed unlawful and/or tortious acts within this State of Florida and within this judicial district. Fla. Stat. § 48.193(1)(b).

8. On information and belief, this Court has personal jurisdiction over the Defendants because, as set forth more fully set out herein, they conducted, or caused to be conducted, "business" within this judicial district related to the unlawful and/or tortious activities at issue in this Complaint, and because the harm suffered by the Plaintiff within this District flowed directly from such business conducted by all of the Defendants.

9. On information and belief, the Defendants committed, aided, abetted, contributed to, and/or participated in the commission of acts giving rise to the Plaintiff's causes of action within this judicial district.

10. On information and belief, the Defendants maintained minimum contacts within

the State of Florida through the use of radio, newspapers, magazines, and/or the internet, any of which would be sufficient to satisfy the requirement of due process and Florida's long-arm statute, such that the exercise of jurisdiction over the Defendants would not offend traditional notions of fair play and substantial justice.

11.The Defendants' intentional torts took place in and/or harmed the Plaintiff in Flagler County, Florida.

12.Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this District. In the alternative, to the extent 28 U.S.C. § 1391(b)(2) is not applicable, Venue is proper in accordance with 28 U.S.C. § 1391(b)(3).

**Facts Common To All Counts**

13.The Plaintiff is a Portuguese businessperson, residing in the State of Florida.

14.The Plaintiff is the Chief Executive Officer of Summit Nutritionals International, Inc., in the United States, and its Portuguese branch, Summit Nutritionals International, Inc. – SUCURSAL EM PORTUGAL.

15.He is particularly well known in the State of Florida, home to a thriving community of approximately 69,000 Portuguese-Americans. In fact, Portuguese is recognized as the third most widely-spoken language in Florida.

16.The Plaintiff DePaço acquired a prominent public profile and image as the Honorary Consul of Portugal in Palm Coast, Florida and subsequently also became the Honorary Consul of Cape Verde, off of the West Coast of Africa, with a significant Portuguese population.

17.The Plaintiff established the Honorary Consul of Portugal, among other things, to assist his compatriots of renewal of their citizenship and passports in the United States.

18.The Plaintiff solely funded and maintained the physical building, staff, and services

provided by the Honorary Consul of Portugal in Florida.

19. Additionally, in 2017, the Plaintiff organized the first-ever raising of the Portuguese flag at a government building in Florida, at the Palm Coast City Hall.

20. Furthermore, the Plaintiff's philanthropic efforts in Florida are well-documented, and he has a particular focus in supporting police departments in the State of Florida. By way of illustration, in August of 2022, the Plaintiff donated $12,000 to Ormond Beach's Police Department to allow them to purchase a new K9 unit. In connection with this donation, Ormond Beach's police chief, Jesse Godfrey stated "t really moves me as a police chief because it's not like this all over the United States, but I can tell you in this area, in this part of Florida, the support we get from the community is just overwhelming at times."

21. The Plaintiff has repeatedly made charitable contributions to police departments in Florida. In 2017, Flagler County Sheriff Jim Manfre presented a plaque of appreciation to the Plaintiff for his donation of $8,000 toward an employee fitness center for the Sheriff's Office. Similarly, in October of 2022, the Plaintiff donated a new K9 unit to the Flagler County Police Department which cost $10,500.

22. The Plaintiff was also named as an honorary deputy of the sheriff's offices of Flagler County, Florida as a result of his philanthropic efforts.

23. The Defendant, Trust In News, is the proprietor and publisher of Revista Visao, a Portuguese weekly magazine, which is published in hard copy and online,[1] with a quarterly print run of approximately 24,523 printed copies and 2,082 digital copies, all paid for.

24. On or about February 25, 2022, Plaintiff became aware that on or about May 19, 2021, Defendants published an article in the digital version of Revista Visao[2] entitled: ***"PSD: The***

---

[1] *See* https://visao.sapo.pt/ (last accessed January 27, 2023).
[2] *See* https://visao.sapo,pt/atualidade/politica/2021-05-19- psd-o-embaraco-cesar-do-paco/ (last

*embarrassment Cesar do Paco"*, attached hereto and marked as Exhibit "A," which was disseminated through Defendants' digital platforms (hereinafter referred to as the "Article").

25. The Defendant, Miguel Carvalho ("Carvalho"), is a journalist at Defendant Trust In News or "Grande Reporter" who authored the defamatory Article.

26. The Defendant, Mafalda Anjos ("Anjos"), is a journalist and an editor at Trust In News, which edited the defamatory Article.

27. The Defendants, Carvalho and Anjos, are featured in and credited as the journalists responsible for the Article.

28. The Article concocts an egregiously false and sensationalized false narrative revolving around the Plaintiff's alleged support and finance of Chega ("Chega"), a far a far-right political party formed by Andre Ventura that opposes the Social Democratic Party of Portugal ("PSD") and is widely considered to hold xenophobic and racist views, all for the purpose of defaming the Plaintiff and depicting him in a vile and defamatory light.

29. Specifically, the Defendants created and published the Article upon learning that one of its members, Dr. Rui Barreira, in his capacity as an attorney, agreed to represent the Plaintiff, who is described as a *"Financer of Chega!"*

30. The Article describes the Defendants' disapproval of Dr. Barreira's representation of the Plaintiff, by falsely claiming (as translated into English) that the Plaintiff is *"a businessman and supporter of Ventura's party, who is linked with the various suspicions regarding his professional history, who has featured in various court cases, in which he has been the unsuccessful party, according to investigations by VISAO and SIC (...)"*

31. The foregoing allegations in Paragraphs 18-20 are false, misleading, and highly

---

accessed August 8, 2022).

defamatory to the Plaintiff. The Plaintiff is not, and has never been, a "financier" of Chega, or any other political party.

32. The Plaintiff is not a sympathizer, sponsor, supporter, backer, founder, advisor, strategist or in any way affiliated with Chega.

33. The Plaintiff has absolutely no involvement with the Portuguese courts to justify the false allegation that he was "*featured in various court cases, in which he has been the unsuccessful party…*"

34. Therefore, the Defendants' statements that the Plaintiff is a "supporter" or "financier" of Chega are demonstrably false and were asserted without a scintilla of supporting evidence.

35. The Plaintiff vehemently opposes fascist, extreme right-wing and racist ideals and takes great offense to the Article's attempt to associate him with such reprehensible and disturbing beliefs.

36. The Defendants' attempt to connect Plaintiff with such vile and offensive beliefs is an egregious and malicious attempt to assassinate Plaintiff's character and upstanding reputation in the community.

37. The Plaintiff has already filed a criminal complaint against the Defendants with the Office of the Public Prosecutor of the Western Lisbon Judicial District, Cascais, Portugal, regarding the above defamatory allegations against the Plaintiff.

38. The Defendants' statements set forth in the Article are false, defamatory and complete fabrications with no basis in fact.

39. As set forth herein, the false statements, misrepresentations and innuendo set forth by Defendants in the Article are highly damaging and defamatory to the Plaintiff.

40. The Defendants were aware, or should have been aware that their misleading, false

and defamatory statements in the Article would cause substantial harm to the Plaintiff.

41. Nonetheless, the Defendants proceeded to disseminate, distribute, broadcast and/or publish the false, misleading and defamatory statements contained in the Article, knowing that they would cause substantial harm to the Plaintiff.

42. The Defendants disseminated, broadcasted and/or published these statements knowingly that they were false or made them with reckless disregard for the truth.

43. To the extent actual malice is required to be pleaded and proven, the Defendants made the false statements either knowing that the statements were false or with reckless disregard for the truth of the matter contained in the false statements.

44. On or about January 10, 2023 the Plaintiff, pursuant to Florida Statutes § 770.01, served a notice upon the Defendants identifying the defamatory statements and demanded their retraction.

45. To date, the Defendants have failed and/or refused to retract the defamatory statements. As such, all acts required precedent have either been done or waived.

46. As a direct and/or proximate result of the Defendants' actions and their dissemination of egregious falsehoods, the Plaintiff has suffered substantial harm, including, but not limited to, dismissal from his position as Honorary Consul of Cape Verde, tarnished reputation, economic injury, loss of economic advantage, loss of profits, depiction in a false light and damage to public image.

**Count I - Defamation)**

47. The Plaintiff avers and restates the allegations contained within Paragraphs 1 through 46 and incorporates them in this count by reference as though they are fully set forth at length herein.

48. The Defendants disseminated, distributed, broadcaster and/or published false and

defamatory statements regarding Plaintiff, as fully set forth in this Complaint, including, but not limited to, those statements made in the Article, as fully set forth in Paragraphs 18-20.

49. The Defendants' false statements were disseminated through Revista Visao and distributed, broadcasted and/or circulated internationally, including in the United States.

50. The Defendants' false statements were of and concerning Plaintiff.

51. The Defendants' conduct in disseminating, distributing, broadcasting and/or publishing the false statements was, at a minimum, negligent.

52. To the extent actual malice is required to be pleaded and proven, Defendants made the false statements either knowing that the statements were false or with reckless disregard for the truth of the matter contained in the false statements.

53. The Defendants' false statements are not protected by any privilege or authorization.

54. The Defendants' conduct was willful, malicious, and oppressive, in that the Defendants knew that the false statements would cause significant harm to the Plaintiff. As such, in addition to compensatory damages and/or presumed damages, the Plaintiff demands punitive damages relating to Defendants' dissemination, circulation, publication and maintenance of the above-referenced false statements, in an amount to be determined at trial.

55. The Defendants' false and defamatory statements in the Article constitute defamation.

56. In addition, the Plaintiff has incurred special harm as a direct result of the false statements, including, but not limited to, his dismissal from his position as Honorary Consul of Cape Verde.

57. The Plaintiff has incurred, is suffering and will continue to suffer damages.

58. Plaintiff is entitled to damages, costs, and fees as permitted by law.

WHEREFORE, the Plaintiff demands judgment as follows:

a. Injunctive relief requiring the Defendants to rescind and retract all of the false statements made against the Plaintiff;

b. Awarding the Plaintiff actual, compensatory and consequential damages against all of the Defendants, joint and severally, in an amount to be determined at trial;

c. Awarding the Plaintiff punitive damages against all of the Defendants, jointly and severally, in an amount to be determined at trial;

d. Enjoining the Defendants from continuing their unlawful conduct, including but not limited to, enjoining the Defendants from making the false statements complained of herein;

e. Awarding the Plaintiff his attorneys' fees, costs, and disbursements; and

f. For such other relief as the Court may deem equitable, just and proper.

## Count II - False Light

59. The Plaintiff avers and restates the allegations contained within Paragraphs 1 through 46 and incorporates them in this count by reference as though they are fully set forth at length herein.

60. The Defendants published and disseminated the false statements set forth in the Article, as fully set forth in Paragraphs 18-20, through Revista Visao, which is disseminated, distributed, broadcasted and/or circulated to the public internationally by digital media.

61. The Defendants' false and defamatory publicized statements are of and concerning the Plaintiff.

62. The Defendants knew or should have known that their publicized statements were false and would place the Plaintiff in a false light and/or acted with reckless disregard as to whether the publicized statements were false and the false impression created by their publication

of same.

63. The Defendants' publicized statements misrepresented the Plaintiff's character, history and beliefs to such a degree that a reasonable person would find the statements highly offensive.

64. The Defendant's publicized statements placed Plaintiff in a false light and, as a direct result thereof, caused the Plaintiff to incur, and continue to incur, damages. The Plaintiff is entitled to damages, costs, and attorneys' fees as permitted by law.

WHEREFORE, the Plaintiff demands judgment as follows:

    a. Injunctive relief requiring the Defendants to rescind and retract all of the false statements made against the Plaintiff;

    b. Awarding the Plaintiff actual, compensatory and consequential damages against all of the Defendants, joint and severally, in an amount to be determined at trial;

    c. Awarding the Plaintiff punitive damages against all of the Defendants, jointly and severally, in an amount to be determined at trial;

    d. Enjoining the Defendants from continuing their unlawful conduct, including but not limited to, enjoining the Defendants from making the false statements complained of herein;

    e. Awarding the Plaintiff his attorneys' fees, costs, and disbursements; and

    f. For such other relief as the Court may deem equitable, just and proper.

### Count III - Tortious Interference With Prospective Economic Advantage

65. The Plaintiff avers and restates the allegations contained within Paragraphs 1 through 46 and incorporates them in this count by reference as though they are fully set forth at length herein.

66. At all relevant times, the Plaintiff has had protected interests in his serving in his position as Honorary Consul of Cape Verde as well as in his other business relationships and dealings, including in his position as owner of Summit Nutritionals International, Inc. and other business endeavors.

67. The Defendants knew of these protected interests in Plaintiff's advantageous business and potential business relationships.

68. Under the guise of journalism, the Defendants intentionally, wrongfully and without justification disseminated false and defamatory statements about the Plaintiff and viciously attacked and defamed the Plaintiff's character for the purpose of causing the Plaintiff to lose his position as Honorary Consul of Cape Verde and otherwise interfere with and/or harm the Plaintiff's business relationships and potential business relationships.

69. As a result of the Defendants' false and defamatory statements, the Plaintiff was dismissed from his position as Honorary Consul of Cape Verde, his reputation has been tarnished, and customers, dealers, suppliers, and other business associates of Plaintiff have refused to do business with him and/or his companies.

70. The aforementioned business opportunities were reasonably likely to have occurred but for the Defendants' interference, resulting in damage to the Plaintiff in the form of tarnished reputation, loss of good will, and loss of profits and/or business opportunities.

71. The Defendants acted maliciously and in bad faith in disseminating their false and defamatory statements and intentionally and tortiously interfered with the Plaintiff's business relationships.

72. The Defendants made the false statements knowing that they were false and/or misleading when made and did so for the purpose of intentionally interfering with the Plaintiff's service in his position of Honorary Consul of Cape Verde and harming his other business relations

11

and opportunities.

73. The Defendants' conduct constitutes tortious interference with economic advantage.

74. As a direct and proximate result of the tortious interference by the Defendants, the Plaintiff has incurred, and will continue to incur, damages.

75. The Plaintiff is entitled to damages, costs, and attorneys' fees as permitted by law.

WHEREFORE, the Plaintiff demands judgment as follows:

  a. Injunctive relief requiring the Defendants to rescind and retract all of the false statements made against the Plaintiff;

  b. Awarding the Plaintiff actual, compensatory and consequential damages against all of the Defendants, joint and severally, in an amount to be determined at trial;

  c. Awarding the Plaintiff punitive damages against all of the Defendants, jointly and severally, in an amount to be determined at trial;

  d. Enjoining the Defendants from continuing their unlawful conduct, including but not limited to, enjoining the Defendants from making the false statements complained of herein;

  e. Awarding the Plaintiff his attorneys' fees, costs, and disbursements; and

  f. For such other relief as the Court may deem equitable, just and proper.

### Count IV - Libel

76. The Plaintiff avers and restates the allegations contained within Paragraphs 1 through 46 and incorporates them in this count by reference as though they are fully set forth at length herein.

77. The Defendants' conduct in publishing in writing the false statements contained in

the Article was, at a minimum, negligent.

78. To the extent actual malice is required to be pleaded and proven, the Defendants made the false statements either knowing that the statements were false or with reckless disregard for the truth of the matter contained in the false statements.

79. The Defendants' conduct was willful, malicious, and oppressive, in that the Defendants knew that the false statements would cause significant harm to Plaintiff. As such, in addition to compensatory damages and/or presumed damages, Plaintiff demands punitive damages relating to the Defendants' publication and maintenance of the above-referenced false statements, in an amount to be determined at trial.

80. The Defendants' false and defamatory statements constitute libel.

81. The Plaintiff is entitled to damages, costs, and attorneys' fees as permitted by law.

WHEREFORE, the Plaintiff demands judgment as follows:

   a. Injunctive relief requiring the Defendants to rescind and retract all of the false statements made against the Plaintiff;

   b. Awarding the Plaintiff actual, compensatory and consequential damages against all of the Defendants, joint and severally, in an amount to be determined at trial;

   c. Awarding the Plaintiff punitive damages against all of the Defendants, jointly and severally, in an amount to be determined at trial;

   d. Enjoining the Defendants from continuing their unlawful conduct, including but not limited to, enjoining the Defendants from making the false statements complained of herein;

   e. Awarding the Plaintiff his attorneys' fees, costs, and disbursements; and

   f. For such other relief as the Court may deem equitable, just and proper.

**Count V - Slander**

82. The Plaintiff avers and restates the allegations contained within Paragraphs 1 through 46 and incorporates them in this count by reference as though they are fully set forth at length herein.

83. The Defendants' conduct in broadcasting and communicating the false statements contained in the Article was, at a minimum, negligent.

84. To the extent actual malice is required to be pleaded and proven, the Defendants made the false statements either knowing that the statements were false or with reckless disregard for the truth of the matter contained in the false statements.

85. The Defendants' conduct was willful, malicious, and oppressive, in that Defendants knew that the false statements would cause significant harm to the Plaintiff. As such, in addition to compensatory damages and/or presumed damages, the Plaintiff demands punitive damages relating to the Defendants' publication and maintenance of the above-referenced false statements, in an amount to be determined at trial.

86. The Defendants' false and defamatory statements constitute slander.

87. The Plaintiff is entitled to damages, costs, and attorneys' fees as permitted by law.

WHEREFORE, the Plaintiff demands judgment as follows:

 a. Injunctive relief requiring the Defendants to rescind and retract all of the false statements made against the Plaintiff;

 b. Awarding the Plaintiff actual, compensatory and consequential damages against all of the Defendants, joint and severally, in an amount to be determined at trial;

 c. Awarding the Plaintiff punitive damages against all of the Defendants, jointly and severally, in an amount to be determined at trial;

    d. Enjoining the Defendants from continuing their unlawful conduct, including but not limited to, enjoining the Defendants from making the false statements complained of herein;

    e. Awarding the Plaintiff his attorneys' fees, costs, and disbursements; and

    f. For such other relief as the Court may deem equitable, just and proper.

## Jury Demand

Plaintiff hereby requests a trial by jury of any issue so triable as of right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222


_/s/ Pete*r Ticktin*_ __
PETER TICKTIN, ESQUIRE
Florida Bar No. 887935
MICHAEL VATER, ESQUIRE
Florida Bar No.
Our Matter No.: 22-

and

**HABBA MADAIO & ASSOCIATES LLP**
1430 US Highway 206
Suite 240
Bedminster, New Jersey 07921
PETER GABRA, ESQUIRE (**Upon Anticipated Admission** *Pro Hac Vice*)
New Jersey Bar No. 264092018